UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FREDERICK AND TERRY SHIELDS** | * | CASE NO. |
| | * | |
| **versus** | * | JUDGE |
| | * | |
| **OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA** | * | MAG. JUDGE |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO:  Frederick and Terry Shields
     *Through their counsel of record*
     Nathaniel Hanet
     Austin Marks
     Morris Bart
     601 Poydras St., 24th Floor
     New Orleans, La 70130
     Telephone: 504-526-1091
     Facsimile: 504-910-6537
     Email: nhanet@morrisbart.com
     Email: amarks@morrisbart.com

The Honorable Judges of the
United States District Court of
the Eastern District of Louisiana

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Occidental Fire and Casualty Company of North Carolina (and herein sometimes referred to as "Occidental"), named Defendant in that certain proceeding entitled *"Frederick and Terry Shields versus Occidental Fire and Casualty Company of North Carolina,"* Suit Number 80027, pending in the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, hereby removes this proceeding to the United States District Court, Eastern District of Louisiana.

A copy of this Notice of Removal is being served upon counsel of record for the Plaintiffs, Frederick and Terry Shields, ("Plaintiffs"), and will promptly be filed with the Clerk of aforesaid State Court, all in conformity with 28 U.S.C. § I 446(d). Defendant appears for

the purpose of removal only and for no other purpose and, reserving all rights and defenses, states as follows:

1.

On July 20, 2023, Plaintiffs filed a Petition for Damages (the "Petition") captioned *"Frederick and Terry Shields versus Occidental Fire and Casualty Company"* pending in the 40th Judicial District Court, Parish of St. John the Baptist, State of Louisiana, which Court is within the jurisdictional boundaries of the Eastern District of Louisiana. This petition names Occidental Fire and Casualty Company of North Carolina as the only defendant.

2.

On July 31, 2023, Occidental was served with the Petition through service upon the Louisiana Secretary of State via registered mail. As such, removal is timely.

3.

Plaintiffs allege that their property located at 516 Frisco Drive, La Place, Louisiana, 70068 was damaged as a result of Hurricane Ida. Plaintiffs' Petition alleges entitlement to penalties, attorney's fees, interest and costs pursuant to Louisiana Revised statute 22:1892 and 22: 1973, in addition to all general and equitable relief.

4.

Per the allegations of the original Petition, Plaintiffs, Frederick and Terry Shields, allege to be persons of the full age of majority who are domiciled in St. John the Baptist Parish, Louisiana, and therefore, are citizen of Louisiana for diversity purposes.

5.

At the time of the filing, Defendant, Occidental Fire and Casualty Company of North Carolina, is a foreign insurance corporation organized and existing under the laws of the State of North Carolina with its principal place of business in North Carolina, and thus is a citizen of North Carolina for diversity purposes.

6.

Specifically, complete diversity of citizenship exists between Plaintiffs, Louisiana citizens, and Defendant, Occidental Fire and Casualty Company of North Carolina, a citizen of a foreign state.

7.

Pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii)-B, if the state in which a removed suit does not permit demand for a specific sum, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.[1] 1 Article 893 of the Louisiana Code of Civil Procedure states that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand." Therefore, a removing defendant must prove by preponderance of the evidence that the amount in controversy exceeds $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount. The removing party

---

[1] Occidental Fire and Casualty Company of North Carolina does not concede the merits of Plaintiffs' damages, as alleged, or that any damages are due to Plaintiffs. However, for purposes of this removal, Occidental Fire and Casualty Company of North Carolina submits that the alleged damages from the face of the Petition meet the requirements for original, federal jurisdiction.

must meet its burden of proof by (1) showing "it is apparent from the face of the petition that the claims are likely to exceed $75,000," or (2) establishing "summary judgment type evidence" to support a finding that the amount exceeds $75,000. *See Manguno v. Prudential Prop. & Cas.* Co., 276 F. 3d 720, 723 (5th Cir. 2002).

8.

Plaintiffs' Petition for Damages does not allege a *specific* monetary amount of damages for *total*, alleged recovery.

9.

Nevertheless, the Petition alleges: "That on August 29, 2021, Hurricane Ida (hereinafter referred to as the "Hurricane"), made landfall and severely damaged Plaintiffs' home and the contents contained therein, and Plaintiffs sustained a financial loss that is at least $100,000 which consists of, but is not limited to, roof damage, exterior and interior structure damage, other structure damage, and contents damage, which damages also caused Plaintiffs to incur additional living expenses." *See* Petition for Damages, Para. 7, attached hereto as Exhibit "A" *in globo*. Plaintiffs further allege they have suffered and continue to suffer considerable damages, including, but not limited to, general damages, penalties, and attorneys' fees for which Occidental is now, allegedly, liable. *See* Petition for Damages, Para. 10.

10.

Further, Plaintiffs seek statutory damages against Defendant pursuant to Louisiana Revised Statutes, Sections 22:1892 and 22:1973, seeking attorney's fees and costs. *See*

Petition for Damages, Para. 17, attached hereto *in globo*. These damages significantly increase the amount in controversy at issue. Thus, it is equally apparent on the face of the Petition for Damages that the amount in controversy exceeds $75,000.

11.

Further, Plaintiffs' Petition for Damages lacks any general allegation that the monetary value of the case is *less* than the amount required under 28 U.S.C. § 1332(a) for federal diversity jurisdiction. According to the Louisiana Code of Civil Procedure Article 893, such a general allegation is "required" to establish "the lack of jurisdiction of federal courts due to insufficiency of damages." *See* La. Code of Civ. Proc. art. 893(A)(1 ). Given the mandatory language of that article, a number of Fifth Circuit courts have held that a plaintiffs "creates a strong presumption in favor of diversity jurisdiction" by failing to generally allege that his or her damages are insufficient for an exercise of such jurisdiction. *See Bruce v. Fisher,* No. 06-0840, 2006 WL 2505908, at *1 (W.D. La. July 13, 2006).

12.

Based upon the allegations, the above-described action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, as the amount in controversy allegedly exceeds the sum of $75,000, exclusive of interest and costs, and the controversy is wholly between citizens of different states as set forth above. Pursuant to the provisions of 28 U.S.C. § 1441, *et seq.,* this case may be removed to the United States District Court for the Eastern District of Louisiana.

13.

Pursuant to 28 U.S.C. § 1446(a), Defendant files herewith a copy of all processes, pleadings and orders served upon it to date (Exhibit "A").

**WHEREFORE**, Defendant, Occidental Fire and Casualty Company of North Carolina, prays that this, its Notice of Removal, be accepted as good and sufficient and that the aforesaid Petition for Damages be removed from State Court into this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in said civil action from said State Court, and thereupon proceed with this civil action as if it had been commenced originally in this Court.

Respectfully submitted:

*/s/ Lauren Baudot*
LAUREN N. BAUDOT (#36367)
GILLIAN ROSE MICULEK (#40452)
TAYLOR C. LOMBARDO (#39260)
McGlinchey Stafford, PLLC
601 Poydras St., Suite 1200
New Orleans, LA 70130
Phone: 504-596-2791
Fax: 504-910-9539
lbaudot@mcglinchey.com
gmiculek@mcglinchey.com
tlombardo@mcglinchey.com

*ATTORNEYS FOR OCCIDENTAL FIRE AND CASUALTY COMPANY OF NORTH CAROLINA*

## **CERTIFICATE OF SERVICE**

I certify that on the 30th day of August 2023 I electronically filed the foregoing documents and that they are available for viewing and downloading from the Court's CM/FCF system, and that all participants in the case are registered CM/FCF users and that service will be accomplished by the CM/FCF system. I further certify that I have also served all counsel of record with a copy of the foregoing either by e-mail, facsimile, and/or placing same in the United States mail, properly addressed and postage prepaid.

/s/ *Lauren N. Baudot*